UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMSA, a Texas corporation,

        Plaintiff,                        Case No. 2:05CV72159
                                               Hon. Lawrence P. Zatkoff

v.

GEHRING L.P., a Michigan
Limited Partnership and
GEHRING GMBH & CO.,

        Defendants.

_____

| | |
|---|---|
| VALENTINE & ASSOCIATES<br>Stephen K. Valentine, Jr. (P21697)<br>Victoria A. Valentine (P58546)<br>5767 W. Maple Road, Suite 400<br>West Bloomfield, MI 48322<br>(248) 851-3010 | KIENBAUM OPPERWALL HARDY<br>  & PELTON, P.L.C.<br>Thomas G. Kienbaum (P15945)<br>Attorneys for<br>Defendant Gehring GmbH<br>280 North Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000 |
| | RACINE & ASSOCIATES<br>Marie T. Racine (P38184)<br>Attorneys for Defendant Gehring L.P.<br>211 West Fort Street, Suite 500<br>Detroit, MI 48226<br>(313) 961-8930 |

_____

## **MUTUAL PROTECTIVE ORDER**

    Upon stipulation of the parties, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information designated as "CONFIDENTIAL" by any party, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, including all

copies thereof, and other information designated as confidential and disclosed in the context of discovery of this case.

2.  Information designated "CONFIDENTIAL" shall include confidential or proprietary business information or trade secrets belonging to Plaintiff, SIMSA, and to Defendants Gehring GmbH or Gehring L.P. (hereafter "protected parties"), or information implicating privacy interests of current or former employees, staff members or contractors of Plaintiff and of either Defendant, who are not parties to this litigation.  For purposes of this Order, the following categories of documents and information will be considered confidential and subject to this Protective Order:

- Trade secrets;

- confidential or proprietary business information of the protected parties, including information or documents concerning business conducted by them and with third parties, either entity's internal documents, non-public financial or accounting data, marketing data or strategies;

- confidential and/or personnel information concerning current or former employees, staff members or customers who are not parties to this litigation, including bid or contract documents.

3.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and litigation of this case, <u>Simsa v. Gehring L.P. and Gehring GmbH & Co.</u>, and will not be used in any other litigation or disclosed to any print or broadcast media.

4.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following Qualified Persons:

(a)  attorneys actively working on this case;

2

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    Plaintiff, Simsa and Defendants Gehring GmbH and Gehring L.P. and its current and/or former employees and/or agents;

    (d)    expert witnesses and consultants retained and/or consulted in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and inform such person that the document(s) being provided are subject to the Protective Order and obtain his or her assent to be bound by the terms of the Protective Order.

6.    Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL" or "CONFIDENTIAL: THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER." If the document did not originate from the party seeking to affix the CONFIDENTIAL label, or was not produced in this action by that party, the CONFIDENTIAL designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing CONFIDENTIAL information. Subject to the procedures

in paragraph 8, upon such notice the document will be treated as CONFIDENTIAL within the meaning of this Protective Order.

    7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

    8.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion must generally be filed within 30 days after receiving written objection to the CONFIDENTIAL designation. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information will lose its designation as CONFIDENTIAL and shall not be treated as CONFIDENTIAL in accordance with this Protective Order absent further order of the Court. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that

good cause exists for the designated information to be treated as CONFIDENTIAL.

9. Any CONFIDENTIAL documents, information, or testimony protected by this Order will not be filed with the Court unless filed under seal or other manner mutually agreed upon by the parties to best protect the confidential information without unduly compromising the ability to either party to present admissible evidence, subject to procedural rules of the Court. If filed under seal, the following typed statement shall appear on the face of the sealed envelope:

### PROTECTED

**This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the stipulated Protective Order entered in Case No. 05-72847**.

10. Nothing shall be regarded as "Confidential" or "CONFIDENTIAL: THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER" if it is information that either:

    (a) is in the public domain at the time of disclosure, as evidenced by a written document;

    (b) becomes part of the public domain through no fault of either party, as evidenced by a written document;

    (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure, unless the receiving party previously received the information under circumstances imposing on the receiving party an obligation to maintain the confidentiality of the information; or

    (d)  the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

  11.  At the conclusion of this case, unless other arrangements are mutually agreed upon by all counsel, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party designating them as CONFIDENTIAL upon request. The parties may agree to destroy CONFIDENTIAL documents by way of a mutually agreed-upon procedure. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

  12.  The parties are aware that Plaintiff may have, had and/or still has possession of a number of documents that may be considered "confidential" by Defendants or their predecessors, e.g., contract information, documents relating to projects worked on, documents distributed in meetings, etc. Protected parties' discovery requests to Plaintiff may contemplate production of all records received from Defendants and their predecessors. The parties agree that any production of these documents in the context of this litigation shall not be considered a "disclosure" of confidential documents in violation of any agreement(s) it entered with any Defendants. Protected parties agree that they will not pursue any action for breach of any such agreement based on Plaintiff's disclosure of these documents pursuant to protected parties' discovery requests.

  13.  A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order. Any document subject to this Protective Order when produced will remain protected pursuant to the terms of this Protective Order, unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

14. This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.

15. This Protective Order is without prejudice to the right of any party to contest the admissibility, discoverability or privileged status of any document or information.

16. In order to permit discovery to proceed without further delay, the parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter.

                          s/Lawrence P. Zatkoff
                          Honorable Lawrence P. Zatkoff

Dated: May 17, 2006

I consent to this Order:

**VALENTINE & ASSOCIATES**

By: s/Victoria A. Valentine
Stephen K. Valentine, Jr. (P21697)
Victoria A. Valentine (P58546)
Attorneys for Plaintiff
5767 W. Maple Road, Suite 400
West Bloomfield, MI 48322
(248) 851-3010

Dated: May 11, 2006

**KIENBAUM OPPERWALL HARDY**
   **& PELTON, P.L.C.**

By: s/Thomas G. Kienbaum
Thomas G. Kienbaum (P15945)
Attorneys for Defendant Gehring GmbH
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
tkienbaum@kohp.com

Dated: May 11, 2006

**RACINE & ASSOCIATES**

By: s/Marie T. Racine
Marie T. Racine (P38184)
Attorneys for Defendant Gehring L.P.
211 West Fort Street, Suite 500
Detroit, MI 48226
(313) 961-8930
mracine@racinelaw.us

Dated: May 11, 2006